CYRUS, Appellant,

v.

YELLOW TRANSPORTATION, INC., Appellee.

[Cite as *Cyrus v. Yellow Transp., Inc.*, 169 Ohio App.3d 761, 2006-Ohio-6778.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–378.

Decided Dec. 21, 2006.

Agee, Clymer, Mitchell & Laret, Robert M. Robinson, Eric B. Cameron and C. Russell Canestraro, for appellant.

Thomas & Company, L.P.A., William R. Thomas and Jennifer L. Myers, for appellee.

Jim Petro, Attorney General, and John R. Smart, for defendant Administrator, Bureau of Workers' Compensation.

BRYANT, Judge.

{¶ 1} Plaintiff-appellant, James B. Cyrus, appeals from a judgment of the Franklin County Court of Common Pleas that granted summary judgment to defendant-appellee, Yellow Transportation, Inc. ("YTI"), preventing plaintiff from participating in the workers' compensation fund for an injury allegedly sustained in the course of his employment with YTI. Because a genuine issue of material fact exists in determining whether plaintiff's employment with YTI caused his injury, we reverse.

{¶ 2} While plaintiff was working in the course of his employment with YTI on January 12, 2000, a 900–pound object apparently fell on plaintiff's shoulder and slid down his back. The Ohio State Bureau of Workers' Compensation allowed plaintiff to participate in the workers' compensation fund for a lower back

contusion but denied him benefits for aggravation of a preexisting spinal instability with translatory rotoscoliosis. As plaintiff notes, the claim ultimately was denied following an appeal to the common pleas court.

{¶ 3} Plaintiff then filed a motion seeking an additional allowance for aggravation of preexisting lumbar disc disease. Although an Industrial Commission district hearing officer denied plaintiff's motion, a staff hearing officer of the Industrial Commission on review vacated the district hearing officer's order and allowed plaintiff's additional claim. After the Industrial Commission refused YTI's appeal, YTI filed a notice of appeal with the trial court pursuant to R.C. 4123.512.

{¶ 4} Plaintiff filed the requisite complaint in the trial court, and after YTI filed its answer, it moved for summary judgment. The court granted YTI's motion, concluding that plaintiff failed to establish causation to a reasonable degree of medical certainty. Plaintiff appeals and assigns two errors:

**Error # 1**

The Trial Court erred in granting Summary Judgment indicating that Plaintiff failed to establish a causal relationship between his Worker's Compensation injury and the additional conditions that were granted by The Industrial Commission of Ohio.

**Error # 2**

The Trial Court erred in using the wrong standard of causation, requiring Plaintiff to prove his case to a reasonable degree of medical certainty.

{¶ 5} An appellate court's review of summary judgment is conducted under a de novo review. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. We apply the same standard as the trial court and conduct an independent review without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; *Brown,* 87 Ohio App.3d at 711, 622 N.E.2d 1153. We must affirm the trial court's judgment if any of the grounds the movant raised before the trial court support the judgment. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 6} Summary judgment is appropriate only when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. A party seeking summary judgment "bears the initial responsibility of informing the trial court of

the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.

{¶ 7} Plaintiff's two assignments of error are interrelated and will be discussed together. In them, plaintiff contends that the testimony of his expert witness, Dr. Wesley Hard, created a genuine issue of material fact on the issue of proximate cause: whether plaintiff's work-related incident with YTI proximately caused an aggravation of plaintiff's preexisting lumbar disc disease. An employee may participate in the workers' compensation fund for aggravation of a preexisting condition, so long as the condition causally connects to the activities, the conditions, or the environment of his employment. R.C. 4123.01(C); *Schell v. Globe Trucking* (1990), 48 Ohio St.3d 1, 3, 548 N.E.2d 920; *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 401 N.E.2d 448.

{¶ 8} It is well settled that the establishment of proximate cause through medical expert testimony must be by a probability. At a minimum, the trier of fact must be provided with evidence that an employee's employment-related activity "more likely than not" caused the employee's injury. *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 369, 28 OBR 429, 504 N.E.2d 44. "Probability" means more than a 50–percent likelihood. *Stinson v. England* (1994), 69 Ohio St.3d 451, 633 N.E.2d 532. "Evidence which only shows that a condition could have been the result of an injury is 'insufficient proof to warrant submission of the cause to the jury.'" *Shumaker*, 28 Ohio St.3d at 369, 28 OBR 429, 504 N.E.2d 44, fn. 3, quoting *Drew v. Indus. Comm.* (1940), 136 Ohio St. 499, 501, 17 O.O. 113, 26 N.E.2d 793.

{¶ 9} Here, the trial court found that plaintiff failed to establish that the work-related incident proximately caused an aggravation to plaintiff's preexisting condition. To the extent plaintiff suggests that the trial court applied an incorrect standard in assessing Dr. Hard's testimony on causation, plaintiff's argument is unpersuasive. The trial court applied the standard set forth in *Shumaker*, but it concluded that Dr. Hard's testimony failed to meet that standard.

{¶ 10} Dr. Hard twice testified to the causal connection between the work-related incident and the injury at issue. When asked in deposition whether the work-related incident aggravated plaintiff's preexisting lumbar disc disease, Dr. Hard replied, "[I]t did." Dr. Hard was also specifically asked whether "it's medically probable that plaintiff aggravated his pre-existing degenerative disk [sic] disease when this 900–pound–plus thing fell on him," to which he replied, "Yes." Dr. Hard's medical expert testimony, stated in terms greater than a 50–

percent chance of likelihood, satisfies the reasonable-certainty standard. YTI nonetheless contends, and the trial court concluded, that Dr. Hard's testimony pertaining to a delay between an injury-causing incident and the onset of symptoms undermines his opinion on causation.

{¶ 11} Dr. Hard testified that an incident is generally "less likely than not" causally related to subsequent symptoms when several months elapse between the incident and the onset of the symptoms. Noting that testimony, YTI essentially argues that plaintiff's failure to report radiating pain down his legs for at least six weeks after the work-incident means Dr. Hard indirectly opined that the work-related accident did not likely cause an aggravation to plaintiff's preexisting lumbar disc disease. YTI concludes that because Dr. Hard's delay-of-symptoms testimony directly conflicts with Dr. Hard's opinion that the work-related incident probably caused plaintiff's preexisting lumbar disc disease, plaintiff failed to prove proximate cause within a reasonable degree of medical certainty.

{¶ 12} The exact words Dr. Hard used are difficult to apply. Although Dr. Hard's testimony pertaining to a delay between an injury-causing incident and the onset of symptoms could suggest that the work-related incident may not have aggravated plaintiff's preexisting lumbar disc disease, the testimony does not necessarily directly conflict with Dr. Hard's opinion that the work-related incident probably aggravated plaintiff's preexisting condition. Viewed in a light most favorable to plaintiff, Dr. Hard's testimony stated that even though delayed symptoms generally mean that the injurious incident less than likely caused the condition, the specific facts of this case demonstrate that the work-related incident probably caused an aggravation to plaintiff's preexisting lumbar disc disease. Dr. Hard's delay-of-symptoms testimony therefore may be reconciled with his opinion on the cause of plaintiff's injury, and because his opinion on causation was stated in terms greater than 50 percent, plaintiff created a genuine issue of material fact on the issue of causation. While his testimony regarding delayed symptoms may affect the weight the trier of fact ascribes to his causation opinion, it does not negate that opinion and entitle YTI to summary judgment.

{¶ 13} Similarly, although the trial court in granting summary judgment to YTI relied on Dr. Hard's testimony in which he defers to hypothetical expert testimony, that testimony does not support the trial court's decision. Initially, the portion of Dr. Hard's testimony the trial court cited dealt with preexisting spinal instability and translatory rotoscoliosis; it did not reference lumbar disc disease. Even if Dr. Hard's response to the hypothetical could be construed to address the condition for which plaintiff sought benefits, the testimony does not warrant summary judgment.

{¶ 14} Dr. Hard's speculation, as is true of his testimony regarding delayed symptoms, implicates the weight the factfinder ultimately determines that his

causation testimony deserves. In response to YTI's deposition question, Dr. Hard testified that if a specialist were to opine that plaintiff's work-related injury within a reasonable degree of medical certainly did not cause an aggravation of plaintiff's preexisting condition, Dr. Hard "would not disagree with that," but would defer to the specialist. YTI, however, did not present the testimony of a specialist who contradicted Dr. Hard's testimony, much less the facts on which the specialist would premise such an opinion. If the expert addressed the same condition for which Dr. Hard offered his causation opinion, then Dr. Hard's willingness to defer to the hypothetical expert may suggest a lack of confidence in his causation opinion and a basis for the factfinder to accord less weight to Dr. Hard's causation testimony, but it does not obviate that testimony.

{¶ 15} Accordingly, we sustain plaintiff's first assignment of error because genuine issues of material fact exist concerning the proximate cause of plaintiff's injuries as a result of his work-related incident, but because the trial court applied the correct standard of causation, we overrule plaintiff's second assignment of error.

{¶ 16} Having overruled plaintiff's second assignment of error, but having sustained plaintiff's first assignment of error, we reverse the judgment of the trial court and remand this matter for further proceedings in accordance with law and consistent with this decision.

Judgment reversed
and case remanded.

McGRATH and TRAVIS, JJ., concur.