OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Roger Rutan, from a judgment of the Franklin County Court of Common Pleas, denying appellant's motion for an order of possession.
 {¶ 2} On September 6, 2005, appellant, an inmate at the London Correctional Institution, filed a "complaint in replevin," alleging that defendant-appellee, Joseph D. Reed, an attorney, was in possession of certain property belonging to appellant. *Page 2 
Specifically, appellant asserted a right to replevin for two cassette tapes, one diary, and a letter.
 {¶ 3} On October 2, 2006, appellee filed a memorandum contra appellant's motion for possession, asserting that appellant's action was untimely under the statute of limitations. Appellee further denied having possession of the items at issue, averring in an accompanying affidavit: "I do not have any cassette tapes, letters or diaries belonging to Roger Rutan. If I had any of the items I would certainly return them both as it is my ethical duty and because they would be totally valueless to me." (Appellee affidavit, at ¶ 2-3.)
 {¶ 4} On October 11, 2006, appellant filed a motion for leave to file a motion for summary judgment. By decision and entry filed October 23, 2006, the trial court denied appellant's motion for leave, and further denied appellant's motion for order of possession on the ground that his claim was barred by the applicable statute of limitations.
 {¶ 5} On appeal, appellant sets forth the following assignment of error for review:
 THE TRIAL COURT ERRED IN FINDING THAT APPELLEE'S [sic] REPLEVIN ACTION WAS BARRED BY THE STATUTE OF LIMITATION[S].
 {¶ 6} Under his single assignment of error, appellant challenges the trial court's determination that his complaint for replevin was barred by the statute of limitations. More specifically, appellant argues the trial court erred in finding that the statute of limitations began to run in 1998.
 {¶ 7} R.C. 2305.09(B) provides that an action for the recovery of personal property "shall be brought within four years after the cause thereof accrued[.]" The statute begins to run when a plaintiff "discovered, or should have discovered, the claimed *Page 3 
matters." Stainbrook v. Fox Broadcasting Co. (N.D.Ohio Dec. 19, 2006), Case No. 3:05 CV 7380, quoting Koe-Krompecher v. City of Columbus, Franklin App. No. 05AP-697, 2005-Ohio-6504, at ¶ 21. Generally, in instances in which a defendant rightfully obtains property but subsequently converts it wrongfully, discovery occurs when the plaintiff demands return of his or her property, or the defendant denies plaintiff's title to the property. Stainbrook, supra, citing Houser v.Ohio Historical Soc. (1980), 62 Ohio St.2d 77, 80. Nonetheless, "the statute of limitations may run sooner than the demand or refusal date if the Court determines Plaintiff discovered or should have discovered the alleged conversion at a different date." Stainbrook, supra.
 {¶ 8} In its decision denying appellant's motion for an order of possession, the trial court held in relevant part:
 * * * Plaintiff avers that he has been asking for return of the property since November, 1998, when he retained the services of attorney Philip Collins to retrieve the items from Defendant. * * * Additionally, in response to Interrogatories, Plaintiff admitted that he requested return of the property as early as December 3, 1998. Thus, Defendant argues that the claim is clearly time barred.
 In response, Plaintiff argues that the statute of limitations never commenced as, although there was a demand made for return of the property, there was never a refusal to redeliver the same. Plaintiff asserts that Defendant never denied having possession of the items until the filing of the Request for Hearing in this matter.
 Upon review, the Court finds that there does not need to be an express statement of refusal to trigger commencement of the statute of limitations. * * * Here, Plaintiff first made a demand for the return of his property in 1998, but the items were not produced. Seven years later, he filed this instant replevin action. The Court finds his claim is barred by the expiration of the statute of limitations. *Page 4 
 {¶ 9} As noted, appellant argues the trial court erred in concluding that the statute of limitations began to run in 1998. Rather, appellant maintains, the running of the statute of limitations did not commence until 2002, based upon his assertion that the limitations period was tolled "until triggered by the `cognizable event' that alerted" him to the fact "he was injured[.]" (Appellant's brief, at 3.) We disagree.
 {¶ 10} The record in this case contains an affidavit of appellant in which he avers seeking return of the subject property "since November 1998," and that he retained an attorney "in November 1998, for the purpose of retrieving this property." (Appellant affidavit, at ¶ 2.) Thus, as found by the trial court, as early as 1998, appellant was aware he had been "injured" by appellee's conduct as he retained counsel to seek return of the items purportedly in appellee's possession. Such action constituted a demand, and appellee's failure to return the items on demand placed appellant on notice of the alleged wrongdoing at that time. See Ohio Assoc. of Pub. School Employees v. Liberty Moving Storage (Dec. 20, 1984), Franklin App. No. 84AP-605 (construing R.C.2305.09 and finding damage occurred when items were not returned upon plaintiff's demand).
 {¶ 11} Accordingly, the trial court did not err in finding that appellant's claim was barred under the four-year statute of limitations contained in R.C. 2305.09, and in therefore denying his motion for an order of possession. Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1