OPINION
{¶ 1} Plaintiff-appellant, Mark L. Rivers, appeals from a judgment of the Franklin County Municipal Court granting summary judgment in favor of defendant-appellee, Western Credit Union, Inc. ("Western Credit Union"). For reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On July 28, 1998, in Western Credit Union, Inc. v. Mark L.Rivers, Franklin County Municipal Court case No. 1998 CVF 018346, finding in favor of Western Credit *Page 2 
Union, the municipal court entered a default judgment against plaintiff in the amount of $5,454.30.[1]
 {¶ 3} Approximately seven years after the municipal court's default judgment, on July 25, 2005, appellant alleged, among other things, that: (1) Western Credit Union attempted to satisfy the judgment in municipal court case No. 1998 CVF 018346 by "setting off" funds in plaintiff's savings accounts and garnishing plaintiff's wages; (2) Western Credit Union unlawfully withdrew $4,000 from plaintiff's share account without proper authorization; and (3) Western Credit Union fraudulently overcharged plaintiff by removing excess funds from his savings account, and plaintiff sued Western Credit Union in the Franklin County Municipal Court.
 {¶ 4} Admitting that it obtained a judgment against plaintiff in municipal court case No. 1998 CVF 018346 and claiming its efforts to satisfy this judgment by garnishment and setoff were lawful, Western Credit Union answered plaintiff's complaint. In its answer, Western Credit Union asserted, among other things, that plaintiff's claims were barred by the doctrine of res judicata and by an applicable statute of limitations. Western Credit Union also asserted that, after it obtained judgment against plaintiff, plaintiff twice moved for relief from judgment in municipal court case No. 1998 CVF 018346 without success. *Page 3 
 {¶ 5} While the matter was before the trial court, Western Credit Union sought to depose plaintiff and filed a notice of deposition with the trial court. Plaintiff, however, failed to appear for a deposition that was scheduled for June 21, 2006.
 {¶ 6} After plaintiff failed to appear at the scheduled deposition, Western Credit Union moved to dismiss plaintiff's action, or for sanctions against plaintiff in the amount of $802.50, which Western Credit Union represented were its costs for preparation of the deposition.[2] In its motion, Western Credit Union claimed that the parties agreed to a date and time for the deposition, plaintiff was properly notified of the deposition, and, despite plaintiff's counsel's efforts to contact plaintiff, plaintiff failed to present himself for deposition.
 {¶ 7} Finding that Western Credit Union's motion had merit, the trial court granted the motion to the extent that it ordered plaintiff to pay $802.50 to defendant. Plaintiff claimed he had a reasonable excuse for his failure to attend the deposition because, on the day prior to the deposition he helped to rescue a co-worker, for which he later received a citation, and became overly tired as a result of these efforts, and on the day of the deposition, he overslept because he did not feel well. Plaintiff then moved the court to reconsider its award of sanctions. In his motion, plaintiff indicated a willingness to pay court-reporting fees in the amount of $55, but viewed the other charges as unreasonable given the circumstances surrounding his failure to attend the deposition. Plaintiff also *Page 4 
expressed a willingness to attend a rescheduled deposition.[3] Western Credit Union opposed plaintiff's motion for reconsideration.
 {¶ 8} After reviewing plaintiff's motion, the trial court denied plaintiff's request for reconsideration. Upon Western Credit Union's motion, the trial court thereafter ordered plaintiff to pay $802.50 to Western Credit Union pursuant to Civ. R. 37(D). Following the trial court's order, plaintiff did not move the trial court to stay execution of its order awarding $802.50 to Western Credit Union.
 {¶ 9} Claiming that plaintiff's claims were barred by the doctrine of res judicata, and that plaintiff failed to timely report allegedly unauthorized transactions by Western Credit Union as required under R.C. 1304.35, thereby preventing judgment in plaintiff's favor, Western Credit Union moved for summary judgment. In a reply memorandum, Western Credit Union also asserted that plaintiff's claims were barred under R.C. 2305.09.
 {¶ 10} Opposing Western Credit Union's summary judgment motion, plaintiff asserted that the doctrine of res judicata was inapplicable because, rather than challenging the 1998 judgment in favor of Western Credit Union, in the instant action, plaintiff challenged Western Credit Union's collection efforts to satisfy the 1998 judgment. Plaintiff also disputed Western Credit Union's contention that plaintiff failed to timely assert a claim under R.C. 1304.35. After Western Credit Union asserted in a reply brief that plaintiff's claims were barred under R.C. 2305.09, plaintiff did not seek leave to file a surreply. *Page 5 
 {¶ 11} After initially denying Western Credit Union's motion for summary judgment, upon reconsideration, the trial court later issued this judgment:
 Upon motion of Defendant for reconsideration of its Motion for Summary Judgment herein; and after hearing and considering all of the arguments of both parties to this action, the Defendant's Motion for Summary Judgment is sustained.
 This case is dismissed at Plaintiff's costs.
(Jan. 31, 2008 Judgment Entry.)
 {¶ 12} From this judgment, plaintiff now appeals and advances two assignments of error for our consideration:
 Assignment of Error 1
 THE TRIAL COURT ERRED IN GRANTING A MOTION FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED.
 Assignment of Error 2
 THE TRIAL COURT IMPROPERLY AWARDED ATTORNEY FEES TO THE DEFENDANT-APPELLEE WHEN THE PLAINTIFF HAD A REASONABLE EXCUSE NOT TO APPEAR AT THE DEPOSITION.
 {¶ 13} Appellant's first assignment of error asserts that the trial court erred by granting summary judgment in favor of defendant.
 {¶ 14} "An appellate court's review of summary judgment is conducted under a de novo review." Cyrus v. Yellow Transp. Co.,169 Ohio App.3d 761, 2006-Ohio-6778, at ¶ 5, citing Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. When conducting a de novo review of a trial court's granting of summary judgment, an appellate court applies the same standard as the trial court and conducts an independent review without deference to the trial court's determination.Cyrus, at ¶ 5, citing Maust v. Bank One *Page 6 Columbus, N.A. (1992), 83 Ohio App.3d 103, 107, jurisdictional motion overruled (1993), 66 Ohio St.3d 1488; Brown, supra, at 711; see, also,Koehring v. Ohio Dept. of Rehab. Corr., Franklin App. No. 06AP-396,2007-Ohio-2652, at ¶ 10; Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. An appellate court "must affirm the trial court's judgment if any of the grounds the movant raised before the trial court support the judgment." Cyrus, at ¶ 5, citing Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 15} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ. R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
 {¶ 16} Under Civ. R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ. R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421,430; Civ. R. 56(E).
 {¶ 17} Although in his first assignment of error plaintiff claims a genuine issue of material fact exists, plaintiff fails to identify the genuine issue of material fact that he asserts remains to be litigated. See, generally, Van Jackson v. Check `N Go of Illinois, *Page 7 Inc. (N.D.Ill, 2000), 193 F.R.D. 544, 546 (observing that "undeveloped arguments are waived and bald assertions are worthless").
 {¶ 18} Our de novo review finds that the allegations in plaintiff's complaint resolve to claims of conversion. "`[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" State ex rel. Toma v. Corrigan (2001),92 Ohio St.3d 589, 592, quoting Joyce v. Gen. Motors Corp. (1990),49 Ohio St.3d 93, 96. Conversion "consists of three basic elements: (1) a defendant's exercise of dominion or control (2) over a plaintiff's property (3) in a manner inconsistent with the plaintiff's rights of ownership." Jarupan v. Hanna, 173 Ohio App.3d 284, 2007-Ohio-5081, at ¶ 15, citing RFC Capital Corp. v. EarthLink, Inc., Franklin App. No. 03AP-735, 2004-Ohio-7046, at ¶ 61, appeal not allowed,105 Ohio St.3d 1561, 2005-Ohio-2447. "If a defendant comes into possession of property lawfully, a plaintiff must prove two additional elements: (1) that she demanded the return of the property after the defendant exercised dominion or control over the property and (2) that the defendant refused to deliver the property to the plaintiff." Jarupan, at ¶ 15, citingRFC Capital Corp., at ¶ 61.
 {¶ 19} "R.C. 2305.09(B) provides that an action for the recovery of personal property `shall be brought within four years after the cause thereof accrued[.]'" Rutan v. Reed, Franklin App. No. 06AP-1115,2007-Ohio-5005, at ¶ 7. See, generally, R.C. 2305.09;[4] see, also, Black's Law Dictionary (8 Ed. 2004) 1254 (defining "personal property" as, among other things, "[a]ny movable or intangible thing that is subject to ownership and not classified as real property"). *Page 8 
 {¶ 20} "Under R.C. 2305.09, `[i]f the action is for * * * the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered[.]' This provision in R.C. 2305.09, known generally as the `discovery rule,' provides that an applicable cause of action accrues `at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury.'" Koe-Krompecher v. Columbus, Franklin App. No. 05AP-697, 2005-Ohio-6504, at ¶ 14, quoting Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, 179; see, also, Rutan, at ¶ 7.
 {¶ 21} During a deposition, plaintiff testified that it had been almost ten years since he had dealings with Western Credit Union (Sept. 29, 2006, Depo., at 8-9), and he also testified that in the past he had received monthly statements from Western Credit Union. Id. at 32. Plaintiff further testified that his allegation that Western Credit Union unlawfully removed $4,000 from his savings account occurred "[t]hrough the year 1998," id. at 31, and that Western Credit Union misappropriated funds "[b]ack in 1998." Id. at 32-33. In his deposition, plaintiff also testified that his dealings with Western Credit Union ended mostly in 1997 and 1998, and "[t]hrough the garnishment and proceeded on after that." Id. at 44. A copy of the trial court's docket in municipal case No. 1998 CVF 018346 shows that garnishment disbursements ended in February 2000, and that a satisfaction of judgment was filed on March 22, 2001.
 {¶ 22} Here, despite the filing of a satisfaction of judgment, plaintiff delayed bringing the instant action until July 27, 2005, which is more than four years after the filing of the satisfaction of judgment, seven years after Western Credit Union's purportedly unauthorized withdrawal of funds from plaintiff's account, and more than five years after Western Credit Union's last garnishment disbursement. *Page 9 
 {¶ 23} The evidence as proffered by Western Credit Union — plaintiff's receipt of regular statements from Western Credit Union; the delay between the filing of the instant action and the satisfaction of judgment (more than four years); the delay between the filing of the instant action and Western Credit Union's purportedly unauthorized withdrawal of funds from plaintiff's share account (approximately seven years); and the delay between the filing of the instant action and Western Credit Union's last garnishment disbursement (more than five years) — shows that, as a matter of law, plaintiff failed to exercise reasonable care as required under R.C. 2305.09 in discovering the injury of which he now complains. See Koe-Krompecher, at ¶ 14; Rutan, at ¶ 7.
 {¶ 24} Moreover, plaintiff submitted no evidence rebutting Western Credit Union's evidence. Plaintiff also proffered no evidence demonstrating when he discovered the injury of which he now complains, or the circumstances surrounding his discovery of the injury of which he now complains. Therefore, we must conclude that, even after construing the evidence in plaintiff's favor, Western Credit Union has sustained its burden on summary judgment.
 {¶ 25} Finding that, even after construing the evidence in plaintiff's favor, no genuine issue of material fact exists, Western Credit Union is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion and that conclusion is adverse to plaintiff, we therefore cannot conclude that the trial court erred by granting summary judgment in Western Credit Union's favor.
 {¶ 26} Accordingly, for reasons set forth above, we overrule plaintiff's first assignment of error. *Page 10 
 {¶ 27} Plaintiff's second assignment of error asserts that the trial court improperly awarded attorney's fees to defendant after plaintiff failed to attend his scheduled deposition.
 {¶ 28} Former Civ. R. 37(D)[5] provided in part:
 If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
See, also, Stratman v. Sutantio, Franklin App. No. 05AP-1260,2006-Ohio-4712, at ¶ 22-27 (discussing whether an award of sanctions may be considered a final appealable order); Bilikam, Huntington Natl. Bankof Columbus v. Bilikam (1982), 2 Ohio App.3d 300, 306 (discussing former Civ. R. 37[D]) (finding that under former Civ. R. 37[D] whether to dismiss an action or enter a default judgment is discretionary, but if a trial court does not issue an order as sanction, it is required to assess costs against the offending party or his attorney, or both).
 {¶ 29} In Bilikam, this court observed that former Civ. R. 37(D) "require[d] the awarding of reasonable expenses and attorney's fees where a party fails to appear for depositions. Such a sanction is necessary to protect deposing parties from undue expense caused by an unresponsive opponent. Furthermore, when the court deems it proper in the interests of justice, it may excuse the offending party from such expenses by *Page 11 
making an express finding that the failure was `substantially justified' or that an award of expenses would otherwise be unjust." Id. at 306.
 {¶ 30} "A trial court has broad discretion when imposing discovery sanctions. A reviewing court shall review these rulings only for an abuse of discretion." Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, syllabus."'" The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10, quotingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157. See, also, Nakoff, at 256.
 {¶ 31} An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161; see, also,Dayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359, citing Black's Law Dictionary (5 Ed.) (observing that "`[u]nreasonable' means `irrational'"); State v. Congrove, Franklin App. No. 06AP-1129,2007-Ohio-3323, at ¶ 9. For a decision to be unreasonable "[i]t is not enough that the reviewing court, were it deciding the issue denovo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAAA Enterprises, Inc., at 161. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9. "Unconscionable" may be defined as "affronting the sense of justice, decency, or reasonableness." Black's Law Dictionary (8 Ed. 2004) 1561. *Page 12 
 {¶ 32} In Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, the Supreme Court of Ohio further explained:
 "`[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *'"
Id. at 87, quoting State v. Jenkins (1984), 15 Ohio St.3d 164, 222, certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514, rehearing denied (1985), 473 U.S. 927, 106 S.Ct. 19.
 {¶ 33} When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court.Berk v. Matthews (1990), 53 Ohio St.3d 161, 169; Stockdale v. Baba,153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citing Berk, at 169;Congrove, at ¶ 9. "An abuse of discretion will not be found when the reviewing court simply could maintain a different opinion were it deciding the issue de novo." Peterson v. Crockett Constr, Inc. (Dec. 7, 1999), Columbiana App. No. 99-CO-2, citing Lewis v. Alfa LavalSeparation, Inc. (1998), 128 Ohio App.3d 200, 207.
 {¶ 34} Here, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably by ordering plaintiff to pay reasonable expenses, including attorney's fees, to defendant for plaintiff's failure to appear at a scheduled deposition. Stated differently, we cannot conclude that the trial's order directing plaintiff to pay reasonable expenses to Western Credit Union was "palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment *Page 13 
but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman, at 87. (Citations omitted.)
 {¶ 35} Although plaintiff provided the trial court with an excuse for his failure to attend the deposition, he failed to identify reasonable steps that he took to prevent oversleeping, especially in view of his fatigue on the day of his deposition, as well as impediments, if any, that prevented him from receiving a telephone call from his counsel inquiring about his absence on the day of his scheduled deposition. Moreover, plaintiff only asserted a conclusory allegation that Western Credit Union's proffered expenses were "unreasonable given all the circumstances" without identifying reasons why Western Credit Union's preparation costs for the scheduled deposition were purportedly unreasonable. We therefore cannot conclude that the trial court abused its discretion by ordering plaintiff to pay reasonable expenses, including attorney's fees, for plaintiff's failure to appear for deposition. See, generally, Civ. R. 37(D); Bilikam, at 306. We therefore overrule plaintiff's second assignment of error.
 {¶ 36} Accordingly, having overruled both of plaintiff's assignments of error, we affirm the judgment of the Franklin County Municipal Court and its award of reasonable expenses to defendant for plaintiff's failure to appear for deposition.
Judgment affirmed.
KLATT and SADLER, JJ., concur.
[1] In this case, Western Credit Union appended to a motion for summary judgment an uncertified copy of the trial court's appearance docket in Western Credit Union, Inc. v. Mark L. Rivers, Franklin County Municipal Court case No. 1998 CVF 018346, which showed a default judgment against plaintiff in the amount of $5,454.30. Plaintiff did not object to this evidence before the trial court. Neither has plaintiff challenged this evidence in this appeal. Accordingly, we conclude that we properly may consider this appended copy of the trial court's docket. See Oakley v. Reiser (Dec. 21, 2001), Athens App. No. 01CA40, at fn. 2 (stating that "[d]ocuments [that are appended to summary judgment reply memorandum] which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and generally should not be considered by the trial court. * * * Nevertheless, this court may consider unsworn, uncertified, or unauthenticated evidence if neither party objected to such evidence during the trial court proceedings."); see, also, Churchwell v. Red Roof Inns, Inc. (Mar. 24, 1998), Franklin App. No. 97APE08-1125, at fn. 1.
[2] Western Credit Union represented to the trial court that it was charged attorney's fees as follows: three hours of work, at $225 per hour, resulting in a charge of $765. Western Credit Union also represented that it sustained an estimated $37.50 in court reporter fees. Accordingly, Western Credit Union represented to the trial court that it sustained $802.50 in preparation costs for plaintiff's deposition, e.g., $765 + $37.50 = $802.50.
Three hours of work at $225 per hour, however, totals $675, not $765, as Western Credit Union claimed before the trial court. Plaintiff did not dispute Western Credit Union's calculations before the trial court, and neither has plaintiff challenged Western Credit Union's calculations in this appeal.
[3] After plaintiff failed to appear at the scheduled deposition on June 21, 2006, plaintiff later was deposed on September 29, 2006.
[4] (2008) Sub. H.B. No. 46 amended R.C. 2305.09, effective September 1, 2008.
[5] Civ. R. 37 was amended, effective July 1, 2008, by the addition of division (F). *Page 1