GEDEON et al., Appellants,

v.

LEIBY et al., Appellees.

[Cite as *Gedeon v. Leiby* (1991), 73 Ohio App.3d 627.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58764.

Decided June 24, 1991.

*Edward J. Heben & Assoc.* and *Steven J. Paffilas,* for appellants.

*Stephen J. Charms* and *Ellen H. Murray,* for appellees Grant A. Leiby, M.D., and James T. Liang, M.D.

*John Jeffers,* for appellee Parma Community General Hospital.

---

NAHRA, Presiding Judge.

Plaintiffs, Shannon Gedeon and her parents, Richard and Kathleen Gedeon, appeal from the trial court's entry of summary judgment for defendants. For the reasons set forth below, we affirm.

Plaintiffs filed a complaint for medical malpractice against Grant A. Leiby, M.D., Jim Liang, M.D., and Parma Community General Hospital on November 2, 1988. Plaintiffs had previously filed the same lawsuit and subsequently dismissed it pursuant to Civ.R. 41(A)(1)(a).

Defendant Parma Hospital filed a motion for summary judgment on January 30, 1989. The motion was supported by the summary judgment motion and brief which had been filed in the previous case. Apparently the hospital's summary judgment motion was granted in that case, but was not entered before the judgment of dismissal pursuant to Civ.R. 41(A)(1)(a) had already been entered.

Fifty days after Parma Hospital filed for summary judgment in the instant case, plaintiffs first moved for an extension of time for their response to the hospital's motion. Plaintiffs asserted that they had been unable to obtain an expert, but that they would secure one within thirty days. Plaintiffs did not set forth a date certain for their response. The court granted plaintiffs' motion for leave, without setting a due date for plaintiffs' response. Plaintiffs never filed a response.

On June 13, individual defendants Leiby and Liang also filed motions for leave to file for summary judgment, with the motions for summary judgment attached. Leave was granted June 28. On July 12, plaintiffs filed a motion for an extension of time to respond to these motions, again asserting, *inter alia,* that they had not yet obtained an expert but would do so in the near future. The record does not reflect that the motion for extension was ruled on.

The court conducted a hearing on August 1. At that time, the court granted plaintiffs sixty days to file their expert's report, and rescheduled the case management conference for October 6. Plaintiffs failed to file their expert's report by October 1, and also failed to request a continuance.

On October 4, plaintiffs filed a document entitled "Agreed Entry." The entry stated that defendants were withdrawing their summary judgment motions; that plaintiffs would have until November 4 to submit their expert's report; and that "[p]laintiff's [*sic*] counsel anticipates withdrawing from this case if said expert report is not available by November 4, 1989." Plaintiffs' counsel signed defendants' counsel's names "per telephonic consent."

On October 11, the court apparently made an entry stating as follows:

"The proposed 'Agreed Entry' submitted on 10–4–89 is *not* approved by the court due to plaintiffs' failure to respond to motions for summary judgment and prior orders of this court regarding discovery." (Emphasis *sic.*)

The court granted all three defendants' summary judgment motions on the same date.

Plaintiffs filed this timely appeal, asserting as their sole assignment of error:

"The trial court erred when it granted defendants' motion [*sic*] for summary judgment against pliantiffs [*sic*] when the attorneys for defendants voluntarily withdrew their motions for summary judgment eight (8) days prior to the trial court's ruling on said motion [*sic*] for summary judgment."

Appellants claim that the summary judgment motions were automatically withdrawn, upon filing of the agreed entry. Since the motions were no longer pending before the court, the court could not grant summary judgment.

The parties have not cited, and we do not find, any rule or case authority regarding the procedure for the withdrawal of motions in Ohio. Case authority from other jurisdictions provides for the withdrawal of pretrial motions upon leave of court. The absolute right of withdrawal of pretrial motions has been allowed only prior to submission of the motions to the court; "submis-

sion" is defined as application for the court's consideration in whole or in part by the moving party. See, *e.g., Kossoff v. Samsung Co., Ltd.* (1984), 123 Misc.2d 177, 474 N.Y.S.2d 180 (court refused to allow withdrawal of motion after it had been submitted for the court's consideration); *Simers v. Great Eastern Clay Products Co.* (1913), 82 Misc. 422, 143 N.Y.S. 1020 (defendant allowed to withdraw motion prior to court's deadline for submission of all papers in support of and opposing motion); *Hoover v. Rochester Printing Co.* (1896), 2 A.D. 11, 37 N.Y.S. 419; *Leader v. Leader* (1957), 8 Misc.2d 1015, 166 N.Y.S.2d 784; *D'Addario v. McNab* (1973), 73 Misc.2d 59, 342 N.Y.S.2d 342; *Wilcox v. Hedwall* (1932), 186 Minn. 504, 243 N.W. 709; *Jensen v. Barbour* (1892), 12 Mont. 566, 31 P. 592; *Kjellander v. Kjellander* (1914), 92 Kan. 42, 139 P. 1013. According to these authorities, withdrawal would not have been proper in this case because the summary judgment motions had been "submitted," and because appellants failed to comply with the court's deadlines.

The trial court also acted within its discretion in rejecting the entry because it attempted not only to withdraw appellees' summary judgment motions, but also attempted to further extend appellants' discovery deadline without approval of the court. Trial courts have discretion in regulating the discovery process. *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902, paragraph three of the syllabus. Appellants failed to comply with the sixty-day deadline for their expert's report set at the August 1 hearing. Appellants also failed to move for a continuance prior to the expiration of the deadline, and had failed to comply with previous orders and deadlines. Therefore, the trial court did not err in refusing to approve the agreed entry and ruling on the pending summary judgment motions.

*Judgment affirmed.*

FRANCIS E. SWEENEY and SPELLACY, JJ., concur.