OPINION
{¶ 1} Plaintiffs-appellants, James L. Byers and Corrine Byers, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Jason P. Robinson and Katrina E. Robinson. Because the trial court did not err by granting summary judgment in favor of defendants, we affirm.
 {¶ 2} On December 28, 2002, a vehicle driven by Mr. Robinson, which was owned by Ms. Robinson, collided with a vehicle driven by Mr. Byers, thereby allegedly resulting in injuries to Mr. Byers. Almost two years after the collision, on December 17, 2004, alleging negligence, negligent entrustment, and loss of consortium, plaintiffs sued *Page 2 
defendants in the Franklin County Court of Common Pleas. Approximately 14 months after plaintiffs commenced their suit, on February 27, 2006, pursuant to Civ. R. 41(A)(1)(a), plaintiffs dismissed without prejudice their action against defendants.
 {¶ 3} Almost one year after plaintiffs dismissed without prejudice their action against defendants, on February 12, 2007, plaintiffs' attorney sustained a medical condition that later required emergency treatment, hospitalization, and a short convalescence. In early March 2007, plaintiffs' attorney returned to work on a full-time basis. After returning to work, plaintiffs' attorney discovered that the re-filing deadline for plaintiffs' suit under R.C. 2305.19, Ohio's "savings statute," had expired. On April 4, 2007, plaintiffs, through counsel, re-filed their suit against defendants.
 {¶ 4} On May 15, 2007, claiming that, as a matter of law, defendants were entitled to judgment because plaintiffs failed to commence their suit within statutorily specified periods under R.C. 2305.10 and2305.19, defendants moved the trial court for summary judgment. Filing a memorandum in opposition and a surreply, plaintiffs contested defendants' motion for summary judgment.
 {¶ 5} On July 17, 2007, claiming plaintiffs raised issues that required additional discovery, defendants filed a notice of withdrawal of their summary judgment motion and reserved the right to re-file their summary judgment motion after additional discovery was conducted. Approximately seven months later, on February 12, 2008, besides adjudging discovery-related motions by the parties, the trial court granted defendants' summary judgment motion, rendered final judgment against plaintiffs, and dismissed plaintiffs' claims. *Page 3 
 {¶ 6} From the trial court's judgment granting summary judgment in favor of defendants and dismissing plaintiffs' claims, plaintiffs appeal and advance two errors for our consideration:
 ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DECIDING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT, AS SAID MOTION WAS IMPROPERLY WITHDRAWN, WITHOUT LEAVE OF COURT, BY DEFENDANTS-APPELLEES VIA A JULY 17, 2007 NOTICE OF WITHDRAWAL, WHICH CONSTITUTED A WITHDRAWAL OF THE SAID MOTION WITH PREJUDICE, SUCH THAT THE TRIAL COURT RULED UPON A NON-PENDING, NON-EXISTENT MOTION.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY MISAPPLYING THE DOCTRINE OF EQUITABLE TOLLING UNDER THE FACTS OF THIS CASE, ARBITRARILY CALCULATING THE PERIOD OF TOLLING AND THE TIME IN WHICH TO REFILE THE ACTION BY A MECHANICAL FORMULA RATHER THAN AN EQUITABLE REASONABLE TIME APPROACH, RESULTING IN THE ERRONEOUS GRANTING OF APPELLEES' MOTION FOR SUMMARY JUDGMENT, TO WHICH DEFENDANTS-APPELLEES WERE NOT ENTITLED, AS A MATTER OF LAW.
 {¶ 7} Defendants did not cross-appeal. However, defendants assert the following cross-assignment of error: "The trial court erred in determining that the circumstances of this case warrant application of the doctrine of equitable tolling at all."
 {¶ 8} Plaintiffs' first assignment of error resolves to whether the trial court prejudicially erred because it adjudged a summary judgment motion that was no longer before the court. A correlative issue concerns whether defendants improperly withdrew *Page 4 
their summary judgment motion by means of a notice of withdrawal, rather than by seeking leave of court.
 {¶ 9} Relying on Harmon v. Baldwin, 107 Ohio St.3d 232,2005-Ohio-6264, at ¶ 15-16, defendants assert that plaintiffs' first assignment of error requires appellate review under an abuse-of-discretion standard. See, e.g., Harmon, at ¶ 16 (stating that "[t]he court of appeals — acting as trial court * * * — had discretion to rule upon these motions, and the court's rulings will not be reversed absent an abuse of that discretion"). We disagree.
 {¶ 10} In Harmon, claiming that the appellate court should not have denied his motions for leave to amend his petitions, to continue the case to permit further investigation of chads in voting machines, and to compel the board of elections' former director to testify, the appellant, an unsuccessful candidate for a judgeship, asserted the appellate court erred in its procedural rulings. Id. at ¶ 15. By this challenge, the appellant in Harmon essentially attacked the appellate court's exercise of discretionary authority in its role as a trial court, and, as a result, the Supreme Court of Ohio reviewed the appellant's claims under an abuse-of-discretion standard. Id. at ¶ 16.
 {¶ 11} "The abuse of discretion standard should be used when the trial court makes discretionary decisions based on such things, for example, as evaluating the credibility of witnesses * * *; ruling on the admission of evidence; making factual determinations * * *; and whether to appoint a receiver * * *." Castlebrook, Ltd. v. Dayton PropertiesLtd. Partnership (1992), 78 Ohio App.3d 340, 346. (Citations omitted.)
 {¶ 12} "However, where a trial court's order is based on an erroneous standard or a misconstruction of the law, it is not appropriate for a reviewing court to use an abuse of *Page 5 
discretion standard. In determining a pure question of law, an appellate court may properly substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law." Id. at 346.
 {¶ 13} Here, plaintiffs' correlative issue concerns whether, as a matter of law, defendants' actions were sufficient under the Ohio Rules of Civil Procedure to effect withdrawal of their previously filed summary judgment motion. Stated differently, plaintiffs' first assignment of error raises this procedural matter: whether, under the Ohio Rules of Civil Procedure, a party must seek leave of court to withdraw a previously filed summary judgment motion, or whether a party may effect withdrawal of a previously filed summary judgment motion by filing a notice of withdrawal. Such issues raise questions of law, which are subject to de novo review. See Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, citing Ohio Bell Tel.Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145, 147 (stating that "[u]nlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo"); Castlebrook,Ltd., at 346. Furthermore, under Ohio law, appellate review of a lower court's granting of summary judgment also is de novo. See Cyrus v.Yellow Transp., Inc., 169 Ohio App.3d 761, 2006-Ohio-6778, at ¶ 5;Mitnaul v. Fairmount Presbyterian Church, 149 Ohio App.3d 769,2002-Ohio-5833, at ¶ 27.
 {¶ 14} Accordingly, we find that a de novo standard of appellate review applies to plaintiffs' first assignment of error.
 {¶ 15} Weissenberger's Ohio Civil Procedure Litigation Manual (2008 Ed.) 73 observes that "there is no express provision in the Rules which permits motions to be amended or supplemented, and the practice is usually within the discretion of the court or *Page 6 
may be provided for by local rule." See, also, McCormac Solimine, Ohio Civil Rules Practice with Forms (2008 Ed.) 9-12, Section 9.12.
 {¶ 16} Section 22 of 56 American Jurisprudence 2d (1971), 18, Motions, Rules, and Orders, declares:
 Generally, a party who makes a motion during the course of a trial may withdraw it at any time before the court has made an order responsive to the motion, at least where nothing has occurred to prejudice the opposing party by the motion's withdrawal. But leave of court is required in some jurisdictions before a motion may be withdrawn. The only effect of a withdrawal of a motion is to leave the record as it stood prior to its filing.
Id. at 18. (Footnotes omitted.)
 {¶ 17} Here, Civ. R. 56 is silent as to whether a motion for summary judgment may be withdrawn by serving notice upon the court and parties, or whether a party seeking to withdraw a summary judgment motion must seek leave of court to effect withdrawal of a motion for summary judgment. See, generally, Civ. R. 56. Accord Gedeon v. Libby (1991),73 Ohio App.3d 627, 629 (observing that the court could not find any rule or case authority concerning the procedure for withdrawal of motions in Ohio).
 {¶ 18} Our review of the Local Rules of the Franklin County Court of Common Pleas, General Division, also reveals no mention as to whether a motion for summary judgment may be withdrawn by serving notice upon the court and parties, or whether a party seeking to withdraw a summary judgment motion must seek leave of court to effect withdrawal of a motion for summary judgment.
 {¶ 19} Plaintiffs urge us to follow the Eighth District Court of Appeals' decision in Gedeon, and conclude that defendants were required to seek leave of court to effect *Page 7 
withdrawal of their summary judgment motion. In Gedeon, claiming summary judgment motions were automatically withdrawn upon filing of an agreed entry, the appellants asserted a trial court erred by granting summary judgment because summary judgment motions were no longer pending before the court. Id. at 629. Relying on foreign case authority, theGedeon court stated in part:
 * * * Case authority from other jurisdictions provides for the withdrawal of pretrial motions upon leave of court. The absolute right of withdrawal of pretrial motions has been allowed only prior to submission of the motions to the court; "submission" is defined as application for the court's consideration in whole or in part by the moving party. * * * According to these authorities, withdrawal would not have been proper in this case because the summary judgment motions had been "submitted," and because appellants failed to comply with the court's deadlines.
Id. at 629-630. See, also, Zashin, Rich, Sutula, Monastra v.Offenberg (Dec. 7, 1995), Cuyahoga App. No. 68951, followingGedeon (stating that "[a] party cannot withdraw a motion without leave of court. * * * The trial court did not grant appellant leave to withdraw its motion, and the court could rule upon the motion in its discretion"); Chubb Group of Ins. Cos. v. Guyuron (Dec. 14, 1995), Cuyahoga App. No. 68468, dismissed, appeal not allowed by,76 Ohio St.3d 1419, citing Gedeon, supra. Cf. Loc. R. 57.01 of the Franklin County Court of Common Pleas, General Division (stating in part that "[a]ll motions for summary judgment filed pursuant to Civ. R. 56 shall be deemed submitted to the judge when filed").
 {¶ 20} Finding the Eighth District's approach had some merit, in its judgment the trial court stated:
 While not binding on this court in the Tenth District, the Eighth District approach reflects sensible case management. A trial *Page 8 
court should be able to disregard a "Notice of Withdrawal" and proceed to rule upon a pre-trial motion in its discretion. Otherwise, a litigant might unfairly manipulate the proceedings, as by filing a superficial motion, learning what evidence and argument the other party will put forward, and then withdrawing their motion to go out and do a better job in pretrial discovery or in briefing, multiplying the cost and delay in the proceedings. Recognizing the logic in the Eighth District's approach * * * merely explains why the sensible legal rule is that a court must retain ultimate control of its docket in a procedural matter like this.
 It does not follow, contrary to plaintiffs' contention, that by filing a Notice of Withdrawal of a pretrial motion that it must be withdrawn with prejudice. Such generalities fail, and a court should determine on a case-by-case basis whether to permit withdrawal and, if so, whether it ought to operate with prejudice after considering things like potential unfairness to the other party.
 Accordingly, the court exercises its discretion to rule upon the defendants' Motion for Summary Judgment, despite their Notice of Withdrawal, and does not deem that to be unfair to any party in view of the factual material and extensive briefing already of record.
(Judgment Entry, at 3-4.)
 {¶ 21} "To be sure, trial courts have inherent power to manage their own dockets," State ex rel. Charvat v. Frye, 114 Ohio St.3d 76,2007-Ohio-2882, at ¶ 23; however, such an inherent power of itself does not permit a trial court on its own to create conditions in legal rules of civil procedure that do not exist. See, generally, Section 5(B), Article IV of the Ohio Constitution (providing in part that only the Supreme Court of Ohio "shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right"); see, also, Charvat, at ¶ 23. Cf. Section 5(B), Article IV of the Ohio Constitution (providing in part that "[c]ourts may *Page 9 
adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court").
 {¶ 22} Although the Eighth District's approach arguably may reflect sensible case management, absent any provision in the Ohio Rules of Civil Procedure, or the local rules of the common pleas court, that requires a party to seek leave of court before withdrawing a previously filed motion, we cannot conclude that defendants were prohibited from withdrawing their summary judgment motion without leave of court at any time before the court had made an order responsive to defendants' motion where nothing had occurred to prejudice plaintiffs by the motion's withdrawal.
 {¶ 23} Also, in the circumstance where a party may seek to manipulate a proceeding by moving for summary judgment only later to withdraw it under suspicious pretenses, we find that remedies exist under the Ohio Rules of Civil Procedure and the Ohio Revised Code to address situations such as the submission of frivolous or sham filings, see, e.g., Civ. R. 11, Civ. R. 56(G), R.C. 2323.51 (award of attorney's fees as sanction for frivolous conduct), or the vacation of a judgment vitiated by a fraud upon the court. See also Civ. R. 60(B)(5); Coulson v. Coulson (1983),5 Ohio St.3d 12, at paragraph one of the syllabus (holding that "[p]ursuant to Civ. R. 60(B)(5), a court in appropriate circumstances may vacate a judgment vitiated by a fraud upon the court"); Scholler v.Scholler (1984), 10 Ohio St.3d 98, 106, citing Coulson, at 15 (explaining that "in Coulson this court more narrowly defined `fraud upon the court' as the situation `[w]here an officer of the court,e.g., an attorney * * * actively participates in defrauding the court * * *'"). See, also, State v. Busch (1996), 76 Ohio St.3d 613, 615, reconsideration denied, 77 Ohio St.3d 1449, quoting Royal Indemn. Co. v.J.C. Penney Co. (1986), *Page 10 27 Ohio St.3d 31, 33-34 (stating that "[a] court [has] `inherent power to regulate the practice before it and protect the integrity of its proceedings'").
 {¶ 24} Accordingly, absent any provision in the Ohio Rules of Civil Procedure or the common pleas court's local rules that requires a movant to seek leave of court before withdrawing a summary judgment motion, we therefore conclude that defendants' notice of withdrawal sufficed to effect withdrawal of their summary judgment motion before the trial court.
 {¶ 25} This conclusion, however, requires us to consider another issue: whether, after defendants withdrew their summary judgment motion, the trial court erred by sua sponte granting summary judgment in favor of defendants.
 {¶ 26} Civ. R. 56(A) provides in part that "[a] party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party." (Emphasis added.) Under Civ. R. 56(B), "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action." (Emphasis added.)
 {¶ 27} Accordingly, Civ. R. 56 expressly provides that parties may move for summary judgment as specified in the rule. Civ. R. 56 is silent, however, as to whether a court, on its own motion, may grant summary judgment. But, see, Marshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus (holding that "Civ. R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party"). *Page 11 
 {¶ 28} Fink, Greenbaum, and Wilson in Guide to the Ohio Rules of Civil Procedure (2006 Ed.) 56-9, Section 56:5, argue that "as a matter of policy, if the parties have had a full opportunity to present their sides and it appears that summary judgment is appropriate for the non-movant, the trial court should be able to grant it sua sponte
without insisting upon the formality of a cross-motion for summary judgment." Id. Fink, Greenbaum, and Wilson further observe:
 Over the years the Ohio Supreme Court has been inconsistent in its pronouncements about whether trial courts have the power to enter summary judgment for the non-moving party. In subsequent attempts to reconcile these opinions the court has stressed:
 "While Civ. R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party . . . an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law."
Id. at 56-9 — 56-10, quoting State ex rel. Cuyahoga Cty. Hosp. v. OhioBur. of Workers' Comp. (1986), 27 Ohio St.3d 25, 28. See, also,State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas (1997),77 Ohio St.3d 269, 270, footnote 1; State ex rel. J.J. Detweiler Ent, Inc.v. Warner, 103 Ohio St.3d 99, 2004-Ohio-4659, at ¶ 13 (discussing exception to the general prohibition against courts sua sponte entering summary judgment in favor of a nonmoving party).
 {¶ 29} In Charvat v. Dish TV Now, Inc., Franklin App. No. 07AP-759,2008-Ohio-2019, this court recently explained:
 In most instances, "Civ. R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." *Page 12 Marshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus. However, there is an exception to this general prohibition:
 While Civ. R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, * * * an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law.
 Todd Dev. Co., Inc. v. Morgan, 116 Ohio St.3d 461, 2008-Ohio-87, at ¶ 16, quoting State ex rel. J.J. Detweiler Ents ., Inc. v. Warner, 103 Ohio St.3d 99, 2004-Ohio-4659, at ¶ 13. In such a situation, "the parties have had an opportunity to submit all evidence to the court, and the parties have notice that the court is considering summary judgment." Id. at ¶ 17.
Id. at ¶ 13.
 {¶ 30} Despite the Supreme Court of Ohio's exception to the general prohibition against courts sua sponte entering summary judgment in favor of a nonmoving party, Cuyahoga Cty. Hosp., at 28; JJ. DetweilerEnterprises, Inc., at ¶ 13, intermediate appellate courts in Ohio are divided about whether a trial court may sua sponte enter summary judgment in favor of a nonmoving party. See, e.g., Fink, Greenbaum, and Wilson in Guide to the Ohio Rules of Civil Procedure (2006 Ed.) 56-10, Section 56:5.
 {¶ 31} In Besser v. Griffey (1993), 88 Ohio App.3d 379, the Fourth District Court of Appeals concluded: "Our Supreme Court has consistently indicated that a sua sponte entry of summary judgment is not permitted under Ohio law." Id. at 382, citing to Marshall, at 51; Bowen v.Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 94, rehearing denied,63 Ohio St.3d 1442. Accord L W Supply Co., Inc. v. Construction One, Inc.
(Mar. 31, 2000), Hancock App. No. 5-99-55 (finding that given the current state of Ohio law, as set forth by the Supreme Court of Ohio inMarshall, an appellee was not entitled to summary *Page 13 
judgment as the appellee did not file a motion for summary judgment in the trial court, nor did the appellee join a summary judgment motion filed by the other two defendants); Lawless v. Indus. Comm. of Ohio
(Mar. 26, 1997), Hamilton App. No. C-960420 (holding that "both the trial court and this court are without authority to enter summary judgment in [the appellee's] favor" and declining to apply the rule suggested in Cuyahoga Cty. Hosp., supra, "permitting the entry of summary judgment for a non-moving party where all the relevant evidence was before the trial court and there were no genuine issues of material fact remaining for resolution").
 {¶ 32} Although the Besser court concluded that the Supreme Court of Ohio has consistently indicated that a sua sponte entry of summary judgment is impermissible under Ohio law, the court nonetheless observed:
 In determining that summary judgment should not be entered sua sponte, the Ohio Supreme Court relied in part on federal case law under similar provisions of Fed.R.Civ.P. 56. See Marshall v. Aaron (1984), 15 Ohio St.3d 48, 51, 15 OBR 145, 147, 472 N.E.2d 335, 338. Since that time, the United States Supreme Court has noted that "district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all her evidence." (Emphasis added.) Celotex Corp. v. Catrett (1986), 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275. The federal appellate courts now permit a sua sponte entry of summary judgment provided that the nonmovant is given the notice dictated in Fed.R.Civ.P. 56 so that he can marshall evidence to show a genuine issue of fact. See, generally, N.L. Industries, Inc. v. GHR Energy Corp. (C.A.5, 1991), 940 F.2d 957, 965; Arkwright-Boston Manufacturers Mut. Ins. Co. v. Aries Marine Corp. (C.A.5, 1991), 932 F.2d 442, 445; Bradley v. Pittsburgh Bd. of Edn. (C.A.3, 1990), 913 F.2d 1064, 1069; Jardines Bacata, Ltd. v. Diaz-Marquez (C.A. 1, 1989), 878 F.2d 1555, 1560. The Ohio Supreme Court, nevertheless, appears to have maintained its disapproval of sua sponte summary judgments notwithstanding the change in federal *Page 14 
case law. See Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384, 393. * * *
Id. at 383, footnote 4; see, also, L W Supply Co., Inc., supra, at footnote 1 (finding that "[t]he federal position on sua sponte entry of summary judgment has changed since the Supreme Court of Ohio's reliance on it in Marshall. * * * [But] [t]he Ohio Supreme Court, nevertheless, appears to have maintained its disapproval of sua sponte summary judgments notwithstanding the change in federal case law. * * * ").
 {¶ 33} In State ex rel. Moyer v. Montgomery Cty. Bd. of Commrs.
(1995), 102 Ohio App.3d 257, appeal not allowed, 73 Ohio St.3d 1428, reconsideration denied, 74 Ohio St.3d 1410, the Second District Court of Appeals, however, reached a different conclusion than the conclusions reached by the Fourth District Court of Appeals in Besser, the Third District Court of Appeals in L W Supply Co., and the First District Court of Appeals in Lawless, concerning a court's authority to sua sponte grant summary judgment. In Moyer, the Second District Court of Appeals declared:
 * * * In Marshall v. Aaron (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, syllabus, the Ohio Supreme Court ruled that "Civ. R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." However, in State ex rel. Cuyahoga Cty. Hosp., supra, 27 Ohio St.3d 25, 28, 27 OBR 442, 444, 500 N.E.2d 1370, 1373, the court stated:
 "While Civ. R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, Marshall [, supra], an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law. Houk [, supra]."
 In Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384, 393, the court followed Marshall, but a year later in State ex rel. Lowery [v. Cleveland (1993), *Page 15 67 Ohio St.3d 126, 128], it cited State ex rel. Cuyahoga Cty. Hosp. and [Houk v. Ross (1973), 34 Ohio St.2d 77] with approval while at the same time acknowledging its decision in Marshall.
 Upon consideration of all of these decisions, we believe that, as a general rule, courts should refrain from granting summary judgment to a nonmoving party. Nevertheless, a grant of summary judgment to a nonmoving party is appropriate "where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the nonmoving party is entitled to judgment as a matter of law." State ex rel. Cuyahoga Cty. Hosp., supra, citing Houk, supra. A court which is considering granting summary judgment to a nonmoving party must make sure, however, that the party whom it is considering entering summary judgment against has had a fair opportunity to present both evidence and arguments against the grant of summary judgment to the nonmoving party. See State ex rel. Lowery and Houk, supra.
Id. at 267. (Emphasis sic.)
 {¶ 34} Here, we find that the reasoning of the Second District Court of Appeals in Moyer is consistent with the Supreme Court of Ohio's view that "an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law."Cuyahoga Cty. Hosp., at 28; see, also, J.J. Detweiler Ent, Inc., at ¶ 13. Moreover, the reasoning in Moyer comports with Civ. R. 1(B) that provides: "[the Ohio Rules of Civil Procedure] shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice," and is consistent with this court's view in Charvat, supra.
 {¶ 35} Accordingly, because the reasoning of the Second District Court of Appeals in Moyer is consistent with Charvat, comports with Civ. R. 1(B), and taking into *Page 16 
consideration the Supreme Court of Ohio's exception to its general prohibition against courts sua sponte entering summary judgment in favor of a nonmoving party, see Cuyahoga Cty. Hosp., at 28; J.J. DetweilerEnt, Inc., at ¶ 13, we find the reasoning of Moyer is persuasive.
 {¶ 36} Following Moyer and Charvat, we therefore conclude that, as a general rule, courts should refrain from granting summary judgment to a nonmoving party. However, a court's sua sponte granting of summary judgment to a nonmoving party is appropriate where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the nonmoving party is entitled to judgment as a matter of law. Moreover, a court that is considering granting summary judgment to a nonmoving party must ensure that the party against whom it is considering entering summary judgment has had a fair opportunity to present both evidence and arguments against the grant of summary judgment to the nonmoving party. See id. at 267.
 {¶ 37} Accordingly, in this case where (1) defendants filed and later withdrew a motion for summary judgment, (2) both parties had a fair opportunity to present both evidence and arguments concerning the granting of summary judgment in favor of defendants, and (3) all relevant evidence was before the trial court, we cannot conclude that the trial court's sua sponte granting of summary judgment in favor of defendants necessarily is per se procedural error. AccordCharvat, at ¶ 13-15.
 {¶ 38} We must next determine whether summary judgment in favor of defendants was proper under Civ. R. 56. Accordingly, we must consider whether (1) no genuine issue of material fact exists; (2) defendants were entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to *Page 17 
plaintiffs, who were entitled to have the evidence most strongly construed in their favor. Civ. R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183. See, also, Dresher v.Burt (1996), 75 Ohio St.3d 280, 293; Cyrus, at ¶ 6.
 {¶ 39} "An appellate court's review of summary judgment is conducted under a de novo review." Cyrus, supra, at ¶ 5, citing Koos v. Cent. OhioCellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. When conducting a de novo review of a trial court's granting of summary judgment, an appellate court applies the same standard as the trial court and conducts an independent review without deference to the trial court's determination. Cyrus, at ¶ 5, citing Maust v. Bank One Columbus,N.A. (1992), 83 Ohio App.3d 103, 107, jurisdictional motion overruled (1993), 66 Ohio St.3d 1488; Brown, supra, at 711; Koehring v. Ohio Dept.of Rehab. Corr, Franklin App. No. 06AP-396, 2007-Ohio-2652, at ¶ 10;Mitnaul, at ¶ 27. An appellate court "must affirm the trial court's judgment if any of the grounds the movant raised before the trial court support the judgment." Cyrus, at ¶ 5, citing Coventry Twp. v.Ec/cer (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 40} "A party seeking summary judgment `bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.'" Cyrus, at ¶ 6, quoting Dresher, at 292; see, also, Mitnaul, at ¶ 29.
 {¶ 41} "Pursuant to R.C. 2305.10, a cause of action alleging bodily injury is governed by a two-year statute of limitations. * * * However, R.C. 2305.03 provides that an exception to the two-year statute of limitations in R.C. 2305.10 is the `saving statute' *Page 18 
contained in R.C. 2305.19(A)." Wells v. Michael, Franklin App. No. 05AP-1353, 2006-Ohio-5871, at ¶ 7, appeal not allowed (2007),113 Ohio St.3d 1443, 2007-Ohio-1266. See, generally R.C. 2305.03, 2305.10 and2305.19. See, also, Messmore v. Monarch Machine Tool Co. (1983),11 Ohio App.3d 67, 68-69 (stating that "a cause of action based upon a loss of consortium is a derivative action. That means that the derivative action is dependent upon the existence of a primary cause of action and can be maintained only so long as the primary action continues.")
 {¶ 42} "Where a plaintiff's timely commenced action fails otherwise than upon the merits after the statute of limitations has run, the savings statute permits the plaintiff to refile the action within one year. However, a plaintiff may take advantage of the savings statute to refile a case only once." Estate of Millhon v. Millhon Clinic,Inc., Franklin App. No. 07AP-413, 2007-Ohio-7153, at ¶ 17, citingThomas v. Freeman, 79 Ohio St.3d 221, 227, 1997-Ohio-395; Hancock v.Kroger Co. (1995), 103 Ohio App.3d 266.
 {¶ 43} "Where R.C. 2305.19 applies, the date for filing the new action relates back to the filing date for the preceding action for limitations purposes. * * * Thus, if R.C. 2305.19 applies to [a plaintiff's] dismissal of her first case without prejudice, under Civ. R. 41(A)(1), her second case was also timely." Frysinger v. Leech (1987),32 Ohio St.3d 38, 42. (Citations omitted.)
 {¶ 44} Here, the parties do not appear to dispute that: (1) on December 28, 2002, a vehicle driven by Mr. Robinson collided with a vehicle driven by Mr. Byers, thereby allegedly resulting in injuries to Mr. Byers; (2) on December 17, 2004, plaintiffs filed their original action, which was within two years after the collision; (3) on February 27, 2006, plaintiffs dismissed without prejudice their action against defendants pursuant to *Page 19 
Civ. R. 41(A)(1)(a); (4) on April 4, 2007, plaintiffs re-filed their action against defendants; and (5) plaintiffs' re-filed action was outside the statutory savings period under R.C. 2305.19, Ohio Savings Statute.
 {¶ 45} What is disputed by the parties, however, is whether the doctrine of equitable tolling applies under the facts of this case. For reasons discussed infra in our consideration of plaintiffs' second assignment of error, the facts of this case do not demand the application of the doctrine of equitable tolling.
 {¶ 46} Therefore, even construing the evidence most strongly in plaintiffs' favor, because (1) the doctrine of equitable tolling is not required under the facts of this case; (2) plaintiffs failed to re-commence their suit within the statutorily specified savings period under R.C. 2305.19; and (3) the trial court's sua sponte granting of summary judgment in favor of defendants is not per se procedural error, we conclude that the trial court did not err by granting summary judgment in defendants' favor because no genuine issue of material fact exists; defendants were entitled to judgment as a matter of law; and reasonable minds could come to but one conclusion and that conclusion is adverse to plaintiffs.
 {¶ 47} Accordingly, having found that the trial court did not err by granting summary judgment in favor of defendants, we overrule plaintiffs' first assignment of error.
 {¶ 48} Plaintiffs' second assignment of error challenges the trial court's determination that equitable tolling was unjustified in this case. Specifically, plaintiffs assert that the trial court's conclusion was based upon an arbitrary and mechanical formula that is inconsistent with equitable principles. Claiming that application of the doctrine of equitable tolling is unwarranted under the circumstances of this case, in a *Page 20 
cross-assignment of error defendants assert that the trial court erred by applying the doctrine of equitable tolling when adjudging the case.
 {¶ 49} "An appellee who has not filed a notice of appeal (cross-appeal) can file cross-assignments of error under R.C. 2505.22."Chapman v. Ohio State Dental Bd. (1986), 33 Ohio App.3d 324, 327; see, also, R.C. 2505.22; App. R. 3(C)(2). Such assignments of error, however, "are only for the limited purpose of preventing the reversal of the judgment under review." Chapman, at 327-328, citing Loewenstine v. DeltaAir Lines, Inc. (1982), 7 Ohio App.3d 185; see, also, Parton v.Weilnau (1959), 169 Ohio St. 145, 146, paragraph seven of the syllabus (construing and applying former R.C. 2505.22) (holding the same asChapman); Holstein v. Ohio Valley Vulcanizing, Inc., Belmont App. No. 06 BE 41, 2007-Ohio-3329, at ¶ 35 .
 {¶ 50} Accordingly, while defendants may not use their cross-assignment of error as a sword, they may use it as a shield in defense of the trial court's judgment. As discussed below, however, the trial court's determination as to the issue of equitable tolling needs no such aegis because it does not require reversal. Accordingly, we conclude that the issue raised by defendants in their cross-assignment of error is moot. See, e.g., Chapman, at 328; Fullenkamp v. Homan,Inc., Mercer App. No. 10-05-16, 2006-Ohio-4191, at ¶ 24;Holstein, at ¶ 35; see, also, Schwab v. Lattimore, 166 Ohio App.3d 12,2006-Ohio-1372, at ¶ 10 (stating that "[t]he duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case"). (Footnote omitted.) *Page 21 
 {¶ 51} "Section 2305.19, Revised Code, providing that `in an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date,' is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." Cero Realty Corp. v. American Mfrs. Mut.Ins. Co. (1960), 171 Ohio St. 82, paragraph one of the syllabus.
 {¶ 52} "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo (2005), 544 U.S. 408, 418, 125 S.Ct. 1807, rehearing denied, 545 U.S. 1135, 125 S.Ct. 2931. Cf. McNeely v. RossCorrectional Inst, Franklin App. No. 06AP-280, 2006-Ohio-5414, at ¶ 11, appeal not allowed (2007), 112 Ohio St.3d 1494, 2007-Ohio-724, citingGray v. Allstate Ins. Co. (Sept. 26, 2005), S.D.Ohio No. 1:03-CV-910 (observing that "[c]ourts consider five factors to determine whether equitable tolling is appropriate in a particular case: (1) lack of actual notice of the filing requirement, (2) lack of constructive notice of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirements").
 {¶ 53} "It is hornbook law that limitations periods are `customarily subject to "equitable tolling,"' * * * unless tolling would be `inconsistent with the text of the relevant statute[.]' * * *Congress must be presumed to draft limitations periods in light of this background principle." Young v. United States (2002), 535 U.S. 43,49-50, *Page 22 122 S.Ct. 1036. (Citations omitted.) Accord United States v. Beggerly (1998),524 U.S. 38, 48, 118 S.Ct. 1862, citing United States v. Brockamp (1997),519 U.S. 347, 117 S.Ct. 849 (stating that "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute"). See, also, Irwin v. Dept. of Veterans Affairs (1990),498 U.S. 89, 95, 111 S.Ct. 453, rehearing denied (1991), 498 U.S. 1075,111 S.Ct. 805, quoting Hallstrom v. Tillamook Cty. (1989), 493 U.S. 20, 27,110 S.Ct. 304, rehearing denied (1990), 493 U.S. 1037, 110 S.Ct. 761
(stating that "[t]ime requirements in lawsuits between private litigants are customarily subject to `equitable tolling'"); 51 American Jurisprudence 2d (2000), 563, Limitation of Actions, Sections 174 and 175.
 {¶ 54} Although under federal common law time limitation periods are customarily subject to equitable tolling unless tolling is inconsistent with the text of the relevant statute, Young, at 49, and time requirements in suits between private litigants are customarily subject to equitable tolling, Irwin, at 96, federal courts have typically extended such equitable relief sparingly. Irwin, at 96. InIrwin, the Supreme Court of the United States explained:
 * * * Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. * * *
Id. at 96. (Citation omitted; footnotes omitted.)
 {¶ 55} Rejecting a petitioner's urging that his failure to make a timely filing should be excused because his lawyer was absent from his office at the time that an Equal *Page 23 
Employment Opportunity Commission notice was received, and that he thereafter submitted a filing within 30 days of the day on which he personally received notice, the Irwin court stated that "the principles of equitable tolling * * * do not extend to what is at best a garden variety claim of excusable neglect." Id. at 96. See, also, Baldwin Cty.Welcome Ctr. v. Brown (1984), 466 U.S. 147, 151, 104 S.Ct. 1723, rehearing denied, 467 U.S. 1231, 104 S.Ct. 2691 (stating that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").
 {¶ 56} This court also has declared: "`The doctrine of equitable tolling is to be applied sparingly and only in exceptional circumstances.'" McNeely, at ¶ 11, quoting Gray, supra, citingWilson v. Grumman Ohio Corp. (C.A.6, 1987), 815 F.2d 26. See, also,Ruch v. Ohio Dept. of Transp., Franklin App. No. 03AP-1070,2004-Ohio-6714, at ¶ 14, appeal not allowed (2005), 105 Ohio St.3d 1518, quoting Welfley v. Vradenburg (Mar. 29, 1996), Franklin App. No. 95APE11-1409, citing Jones v. General Motors Corp. (C.A.6, 1991),939 F.2d 380, 385 (observing that "this court has stated that `[t]o successfully raise a claim of equitable tolling, a party must show a misrepresentation whether made in good faith or not that calculated to induce a plaintiff to forego the right to sue'"). But, see, Glidden Co.v. Lumbermens Mut. Cas. Co., 112 Ohio St.3d 470, 2006-Ohio-6553, at ¶ 52 (stating that "[e]quitable estoppel precludes recovery when `one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment.' * * * Generally, actual or constructive fraud is required"). (Citations omitted; emphasis added.)
 {¶ 57} "`[W]here the rights of the parties are not clearly defined in law, broad equitable principles of fairness apply and will determine the outcome of each case *Page 24 
individually.'" McCarthy v. Lippitt, 150 Ohio App.3d 367,2002-Ohio-6435, at ¶ 22, quoting In re Estate of Cogan (1997),123 Ohio App.3d 186, 188, dismissed, jurisdictional motion overruled (1998),81 Ohio St.3d 1442. "`In equitable matters, the court has considerable discretion in attempting to fashion a fair and just remedy.' * * * It has the power to fashion any remedy necessary and appropriate to do justice in a particular case." McDonald Co. Sec, Inc., GradisonDiv. v. Alzheimer's Disease Related Disorders Assn., Inc. (2000),140 Ohio App.3d 358, 366. (Citations omitted.) "The standard of review applicable to claims for equitable relief is abuse of discretion."McCarthy, at ¶ 22, citing Sandusky Properties v. Aveni (1984),15 Ohio St.3d 273, 274-275; see, also, Stone v. Stone, Hardin App. No. 6-04-12,2006-Ohio-1996, at ¶ 11, citing McCarthy, at ¶ 22.
 {¶ 58} "`"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10, quoting Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 59} An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161; see, also,Dayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359, citing Black's Law Dictionary (5 Ed.) (observing that "`[unreasonable' means `irrational'"); State v. Congrove, Franklin App. No. 06AP-1129,2007-Ohio-3323, at ¶ 9. For a decision to be unreasonable "[i]t is not enough that the reviewing court, were it deciding the issue denovo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that *Page 25 
would support a contrary result." AAAA Enterprises, Inc., at 161. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9. "Unconscionable" may be defined as "affronting the sense of justice, decency, or reasonableness." Black's Law Dictionary (8 Ed. 2004) 1561.
 {¶ 60} In Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, the Supreme Court of Ohio further explained:
 "`[A]n abuse of discretion involves far more than a difference in * * * opinion * * * The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *'"
Id. at 87, quoting State v. Jenkins (1984), 15 Ohio St.3d 164, 222, certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514, rehearing denied (1985), 473 U.S. 927, 106 S.Ct. 19.
 {¶ 61} When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court.Berk v. Matthews (1990), 53 Ohio St.3d 161, 169; Stockdale v. Baba,153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citing Berk, at 169;Congrove, at ¶ 9. "An abuse of discretion will not be found when the reviewing court simply could maintain a different opinion were it deciding the issue de novo." Peterson v. Crockett Constr, Inc. (Dec. 7, 1999), Columbiana App. No. 99-CO-2, citing Lewis v. Alfa LavalSeparation, Inc. (1998), 128 Ohio App.3d 200, 207. *Page 26 
 {¶ 62} Before the trial court, plaintiffs' counsel claimed that he was the only attorney in his office who was working on plaintiffs' case; that he was unable to arrange in advance for other attorneys in his office to act as a substitute or replacement for him in the event of unexpected illness; and that no other attorneys in his office were aware of the re-filing deadline in plaintiffs' case.
 {¶ 63} Based on, among other things, plaintiffs' counsel's claims and the absence of evidence as to why plaintiffs' counsel's law firm was unable to detect important deadlines during plaintiffs' counsel's incapacitation, the trial court concluded that, notwithstanding plaintiffs' counsel's professional candor, the factual record did not permit application of the equitable tolling doctrine over the entire period necessary to keep the matter before the court. In its judgment, the trial court concluded that "[a]rguably extraordinary circumstances existed and tolled the Savings Statute from February 12 until March 9, but there is no genuine dispute of material fact that the re-filing could have occurred thereafter." (Judgment Entry, at 8.) The trial court also found that "plaintiffs have failed to meet their burden of establishing that they pursued their rights diligently once [their] attorney returned to work, and that any truly extraordinary circumstances somehow stood in their way to prevent re-filing this case by late March 2007," (Judgment Entry, at 7; footnote omitted), and "[t]he 15 days left under the Savings Statute when [plaintiffs' attorney] fell ill expired on or about Monday March 26, 2007. April 4 is a bridge too far." (Judgment Entry, at 8.)
 {¶ 64} Here, before the trial court, plaintiffs bore the burden of establishing: (1) that they had been pursuing their rights diligently; and (2) that some extraordinary circumstance stood in their way.Pace, at 418. While plaintiffs' counsel's illness arguably *Page 27 
may have constituted an extraordinary circumstance that prevented the re-filing of the complaint between February 12 and March 9, 2007, plaintiffs have failed to show that an extraordinary circumstance prevented them from re-filing their complaint during the period after March 9 and before April 4, 2007. Under such circumstances, we cannot conclude that the trial court erred by finding that plaintiffs failed to act diligently. See, e.g., Irwin, at 96 (stating that "the principles of equitable tolling * * * do not extend to what is at best a garden variety claim of excusable neglect"); Baldwin Cty., at 151 (stating that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence"). Additionally, we find no evidence to support a finding that plaintiffs lacked actual notice of the filing requirements under R.C. 2305.19; lacked constructive notice of R.C. 2305.19's filing requirements; or reasonably remained ignorant of the filing deadlines. See McNeely, at ¶ 11.
 {¶ 65} Moreover, because plaintiffs have failed to demonstrate diligence in pursuing their claims during the period after March 9 and before April 4, 2007, plaintiffs' claim that involuntary abandonment by their attorney due to their attorney's illness requires application of the doctrine of equitable tolling also is not persuasive. Cf.Cantrell v. Knoxville Community Dev. Corp. (C.A.6, 1995), 60 F.3d 1177,1180, citing Burton v. United States Postal Serv. (N.D.Ohio 1985), 612 F.Supp. 1057, 1059 (observing that if the plaintiff-appellee had pursued his claim diligently, yet was abandoned by his attorney due to his attorney's mental illness, then equitable tolling may have been appropriate). But, see, Modrowski v. Mote (C.A.7, 2003), 322 F.3d 965,968, certiorari denied, 540 U.S. 925, 124 S.Ct. 331 (concluding that "attorney incapacity is equivalent to attorney negligence for equitable tolling purposes. We will not revisit our *Page 28 
long-standing determination that petitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, `whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands'"). (Citation omitted.)
 {¶ 66} For reasons set forth above, we therefore cannot conclude that the trial court abused its discretion by determining that the doctrine of equitable tolling was unjustified under the facts and circumstances of this case. Moreover, we also cannot conclude that the trial court's determination is unsupported by a sound reasoning process, without an adequate determining principle, or affronts a sense of justice, decency, or reasonableness. We therefore overrule plaintiffs' second assignment of error.
 {¶ 67} Accordingly, having overruled both of plaintiffs' assignments of error, and having found defendants' cross-assignment of error moot, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1